*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ESTATE OF FRIEDA MAE CHAPMAN.

---

GLENN E. CHAPMAN, as personal representative of the ESTATE OF FRIEDA MAE CHAPMAN,

    Petitioner-Appellee,

v

CHRISTOPHER L. CHAPMAN,

    Respondent-Appellant.

UNPUBLISHED
February 12, 2026
9:22 AM

No. 373055
Shiawassee Probate Court
LC No. 2022-24040840-DE

---

*In re* LEONARD AND FRIEDA CHAPMAN TRUST.

---

GLENN E. CHAPMAN,

    Petitioner-Appellee,

v

CHRISTOPHER L. CHAPMAN,

    Respondent-Appellant.

No. 373058
Shiawassee Probate Court
LC No. 2023-24040841-TV

---

Before: GADOLA, C.J., and BOONSTRA and PATEL, JJ.

PER CURIAM.

In case no. 373055, respondent, Christopher L. Chapman, appeals as of right the probate court's order denying his motion to remove the restriction on funds established by an earlier order of the probate court. In case no. 373058, respondent similarly appeals as of right the probate court's order denying his motion to remove the restriction on funds established by the probate court's earlier order in that case. We affirm.

## I. FACTS

These consolidated appeals arise from the parties' dispute over the division of certain assets following the death of their parents. Leonard and Frieda Chapman had three children: Glenn Chapman, Kurt Chapman, and Christopher Chapman. On January 9, 2016, Leonard and Frieda Chapman executed a joint trust agreement creating The Leonard Earl Chapman and Frieda Mae Chapman Revocable Living Trust (the Chapman Trust). Leonard and Frieda Chapman ostensibly funded the trust with the couple's real property located in Howell, Michigan; the trust otherwise was not funded. The trust agreement named respondent as the initial trustee and residual beneficiary of the trust; the trust agreement specifically excluded Glenn and Kurt from the trust.

Leonard Chapman died on April 23, 2017. The parties do not dispute that at that time, respondent was given power of attorney over Frieda Chapman, who allegedly was diagnosed with dementia. Frieda owned four financial accounts which the parties do not dispute were subject to beneficiary designation; the three sons were designated as equal beneficiaries. In 2020, despite allegedly having been diagnosed with dementia, Frieda changed the beneficiary designation of the financial accounts, designating respondent as the beneficiary of 43% of the account funds, Kurt as the beneficiary of 37% of the account funds, and petitioner, Glenn Chapman, as the beneficiary of 20% of the account funds.

Frieda died on November 25, 2021. In March 2022, the funds from Frieda's financial accounts were distributed to the heirs, with respondent receiving $309,631.17 and petitioner receiving approximately $152,000. Petitioner applied to the Livingston Probate Court for probate of the estate and was appointed as personal representative of the estate.

In June 2022, petitioner, as personal representative of the Chapman estate, petitioned the probate court for quiet title to the real property ostensibly held by the Chapman Trust. See *In re Chapman Estate*, lower court no. 2022-24040840-DE. Petitioner alleged that the Chapmans' real property was never transferred to the Chapman Trust during Leonard's lifetime, and that the real property therefore was part of Frieda Chapman's estate. The probate court entered a "status quo" order directing that no one was to dispose of the real property or any asset of Frieda Chapman until further order of that court. The parties then proceeded with discovery in the Chapman Estate case.

In January 2023, petitioner initiated an action in the Livingston Probate Court regarding the Chapman Trust, alleging that respondent had breached his fiduciary duties regarding the trust. See *In re Leonard and Frieda Chapman Trust*, lower court no. 2023-24040841-TV. Upon agreement of the parties, the probate court consolidated the Chapman Trust case with the Chapman Estate case. The probate court then ordered the parties to participate in mediation, which failed to resolve the dispute. Petitioner thereafter moved for a constructive trust, alleging that after

-2-

obtaining power of attorney in 2017, respondent made numerous transfers of funds from Frieda's financial accounts, that respondent used the transferred funds for his personal use, and that respondent had facilitated Frieda's change of the beneficiary designations of her financial accounts to increase respondent's share while decreasing petitioner's share. Petitioner also filed an amended petition in the Chapman Trust case, alleging breach of fiduciary duty, embezzlement, conversion, undue influence, conspiracy, unjust enrichment, and fraud.

Petitioner also moved for an accounting and a constructive trust of the funds respondent received from the distribution of the financial account assets. Petitioner's motion alleged that for years before Frieda's death and immediately after her death, respondent used his power of attorney to transfer funds from Frieda's financial accounts to the trust account, and then accessed the funds for his personal use. Petitioner alleged that respondent used thousands of dollars to pay his own credit cards, purchase vehicles, and purchase items through Amazon. Petitioner argued that a constructive trust of the funds respondent had received was necessary to preserve the assets until respondent could provide the probate court with an accounting.

After a hearing, the probate court ordered respondent to provide within 45 days an accounting of the funds that belonged to Frieda from the time that respondent was given power of attorney, and ordered a constructive trust established and funded with the amounts identified in the petition unless it was demonstrated by an accounting or otherwise that the funds were properly distributed.

Respondent moved to set aside the probate court's order, to remove the constructive trust, and to determine the ownership of the real property. Respondent argued that the probate court had no authority to put a restraint on funds in either of the cases, that no action was pending in either the trust or estate case regarding the funds, and that the funds in question instead were the subject of a civil action filed by petitioner against respondent in Shiawassee County. Specific to the Chapman Trust case, respondent petitioned for the probate court to determine the ownership of the real property ostensibly placed in the Chapman Trust. Petitioner moved for respondent to show cause why he had not complied with the probate court's order to provide an accurate accounting[1] and why he had not placed the disputed funds with his attorney to be held in an IOLTA account, as ordered by the probate court.

On December 13, 2023, the Chapman Estate case and the Chapman Trust case were transferred by a change of venue order from Livingston Probate Court to Shiawassee Probate Court, apparently because the separate civil action of *Glenn E. Chapman v Christopher L. Chapman*, lower court no. 23-24040842-CZ,[2] was pending in the Shiawassee Probate Court. After a hearing, the Shiawassee Probate Court denied respondent's motion to remove the restraint on the assets of Frieda Chapman. The probate court reasoned that the motion was essentially a motion

---

[1] Although respondent filed documentation purporting to be an accounting, petitioner argued that respondent failed to follow the proper format and failed to include relevant information.

[2] Respondent asserts that on December 10, 2024, after these appeals were filed, petitioner dismissed his claims against respondent in the civil action, but refused to consent to the release of the restraint on the funds. Petitioner has not filed a brief on appeal.

for reconsideration of the earlier order issued by Livingston Probate Court, that respondent had not demonstrated that the circumstances had changed since the previous order, and that the consolidated cases were sufficiently intertwined with the civil case to warrant restraint on the funds at issue.

Respondent claimed appeals of the probate court's orders to this Court under MCR 5.801(A)(2)(v), which permits an appeal as of right of an order "determining or denying a constructive trust." This Court consolidated the appeals. *In re Chapman Estate; In re Leonard and Frieda Chapman Trust*, unpublished order of the Court of Appeals, entered November 22, 2024 (Docket Nos. 373055, 373058).

## II. DISCUSSION

Respondent contends that the probate court erred by placing a restraint on the funds he received as a designated beneficiary of Frieda Chapman's financial accounts. Respondent argues that the probate court lacked authority to maintain a constructive trust on the funds because no action was pending regarding the ownership of the funds or challenging the underlying beneficiary designation in either the Chapman Estate case or the Chapman Trust case. We disagree that the probate court lacked authority to place a restraint on the funds.

We review a probate court's dispositional rulings for an abuse of discretion while reviewing the probate court's underlying factual findings for clear error. *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). We review de novo questions of statutory interpretation, *id*., as well as equitable decisions of the probate court, *In re Filibeck Estate*, 305 Mich App 550, 553; 853 NW2d 448 (2014).

The scope of the probate court's jurisdiction is defined by statute. *In re Wirsing*, 456 Mich 467, 472; 573 NW2d 51 (1998). In that regard, MCL 700.1302 provides, in relevant part, that the probate court has jurisdiction of

> (a) A matter that relates to the settlement of a deceased individual's estate, whether testate or intestate, who was at the time of death domiciled in the county . . . , including, but not limited to all of the following proceedings:
>
> > (*i*) The internal affairs of the estate.
> >
> > (*ii*) Estate administration, settlement, and distribution.
> >
> > (*iii*) Declaration of rights that involve an estate, devisee, heir, or fiduciary.
>
> * * *
>
> (b) A proceeding that concerns the validity, internal affairs, or settlement of a trust; the administration, distribution, modification, reformation, or termination of a trust; or the declaration of rights that involve a trust, trustee, or trust beneficiary. . .
>
> * * *

-4-

(d) A proceeding to require, hear, or settle the accounts of a fiduciary and to order, upon request of an interested person, instruction or direction to a fiduciary that concerns an estate within the court's jurisdiction.

MCL 700.1303 provides, in relevant part:

(1) In addition to the jurisdiction conferred by section 1302 and other laws, the court has concurrent legal and equitable jurisdiction to do all of the following in regard to an estate of a decedent, protected individual, ward, or trust:

(a) Determine a property right or interest.

* * *

(g) Impose a constructive trust.

* * *

(j) Require, hear, or settle an accounting of an agent under a power of attorney.

* * *

(3) The underlying purpose and policy of this section is to simplify the disposition of an action or proceeding involving a decedent's, a protected individual's, a ward's, or a trust estate by consolidating the probate and other related actions or proceedings in the probate court.

A constructive trust is an equitable remedy created by operation of law, which may be imposed when "necessary to do equity or to prevent unjust enrichment." *In re Filibeck Estate*, 305 Mich App at 553, quoting *Kammer Asphalt Paving Co, Inc v East China Twp Schools*, 443 Mich 176, 188; 504 NW2d 635 (1993). A constructive trust may be implemented "[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest." *Kent v Klein*, 352 Mich 652, 656; 91 NW2d 11 (1958). We also note that equity "is a matter of grace and discretion applied to the particular circumstances of each particular case." *In re Filibeck Estate*, 305 Mich App at 553. In the probate context, MCL 700.1308(1) authorizes the probate court to impose a constructive trust on property, subject to certain limitations, to "remedy a breach of [fiduciary]duty that has occurred or may occur."

In this case, at the time the Livingston Probate Court imposed the restraint on the funds, in the Chapman Estate case and the Chapman Trust case allegations were pending that the Chapmans' real estate had not been properly placed within the Chapman Trust and that the real estate therefore was part of Frieda Chapman's estate, and also that respondent was in possession of assets of Frieda Chapman and that certain irregularities had occurred that placed into question whether the assets were properly in respondent's possession. It was also in question whether, if the funds were dissipated, respondent had the financial ability to make whole the other beneficiaries if called upon to do so. The probate court therefore instituted the restraint on the funds as a measure to preserve the funds until respondent could provide an accounting of the funds he had received and the merits of the allegations otherwise could be addressed by the probate court.

In early 2024, the consolidated cases were transferred to the Shiawassee Probate Court where a third case was pending between petitioner and respondent involving petitioner's claims that respondent had fraudulently diverted Frieda Chapman's assets to himself. The probate court viewed respondent's motion in the consolidated cases to lift the restraint on the funds as a motion for reconsideration, and understandably denied the motion, continuing the restraint on the funds while discovery proceeded in the three cases. We find no error in the probate court's reluctance to permit the potential dissipation of the funds at that point in the proceedings. The probate court was well within its authority to impose a restraint on the funds in question while the proceedings were pending to determine the assets of the estate, which depended upon whether the real estate was in fact placed in the Chapman Trust and whether respondent had breached his fiduciary duty when exercising power of attorney over Frieda Chapman's financial accounts, which presumably would be part of the estate if the beneficiary designations were determined to be fraudulent.

Respondent also asserts that after he filed these appeals, petitioner agreed to the dismissal of his claims in the civil action pending before the probate court, but did not agree to the lifting of the restraint on the funds. That assertion is outside of the record of the consolidated appeals before this Court, and is a matter more properly addressed by the probate court in the first instance. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002).

Affirmed.


/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Sima G. Patel